(Nos. 2342-2343-2349, Consolidated, ▮▮▮▮▮)

IRENE BLAIR MAXWELL, No. 2342, MARY BLAIR, ET AL., No. 2343 AND ARTHUR LAYTON, No. 2349, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 12, 1937.*

T. N. COFER, for claimants.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

All of the above cases arise out of the same accident and involve the same facts, and are therefore consolidated for the purpose of this hearing.

It appears from the several complaints herein that on August 7th, 1933 the claimant, Arthur Layton, was driving his automobile in an easterly direction on Harrison Street in the City of Charleston, and was approaching the intersection of said Harrison Street with S. B. I. Route No. 130. Harrison Street extends in an easterly and westerly direction and S. B. I. Route No. 130 extends in a northerly and southerly direction.

The claimants, Mary Blair, Eliza Blair, Charles Blair, Dorothy Blair, June Blair, and Irene Blair Maxwell were riding as passengers in said automobile. The several complaints further allege that as said Arthur Layton was crossing the aforementioned intersection of Harrison Street and S. B. I. Route No. 130, a certain State truck driven by one of the servants and agents of the respondent, and carrying certain employees of the respondent, was being driven in a northerly direction on said S. B. I. Route No. 130 in a careless and negligent manner, and at a high and dangerous rate of speed, to-wit, at a speed of sixty miles per hour, whereby, and as a result of the carelessness and negligence of the servant and agent of the respondent in the operation of said State truck as aforesaid, said truck ran into and struck the automobile in which the several claimants were riding as aforesaid, and they were each and all seriously and permanently injured.

The Attorney General has entered a motion to dismiss each case for the reason that the State is not liable under the facts set forth in any of the complaints.

This court has repeatedly held that the State in the maintenance of its hard-surfaced highways, is engaged in the exercise of a governmental function and that in the exercise of such functions, it is not liable for the negligence of its serv-

ants and agents in the absence of a statute making it so liable. *Schweizer* vs. *State*, 8 C. C. R. 432; *Wright* vs. *State*, No. 1981, and *Joe Boner, et al.* vs. *State*, No. 2529, both decided at the September Term, 1935.

We have also repeatedly held that we have no authority to allow an award in any case unless there would be a liability, either at law or in equity, on the part of the State, if the State were suable. *Crabtree* vs. *State*, 7 C. C. R. 207; *Kramer* vs. *State*, 8 C. C. R. 31; *Shumway* vs. *State*, 8 C. C. R. 43.

There is no law authorizing a recovery under the facts set forth in any of the complaints, and the several motions of the Attorney General must therefore be sustained.

Each motion to dismiss is allowed, and each of the consolidated cases is dismissed.